IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

FILED
99 MAY -6 AM 11:50
U.S. DISTRICT COURT
N.D. OF ALABAMA

ENTERED
MAY 0 6 1999

UNITED STATES OF AMERICA,           )
                                    )
        Plaintiff,                  )
                                    )
    v.                              )
                                    ) CIVIL ACTION NO. 97-G-0211-NE
RANDY DALE BRAMLETT, VIRGINIA       )
JUANELL ERWIN, and CARL FREEMAN     )
WILLIAMS,                           )
                                    )
        Defendants.                 )

MEMORANDUM OPINION

Defendants Virginia Juanell Erwin and Carl Freeman Williams executed unlimited personal guaranties on a January 15, 1992, promissory note of Real Estate Professionals, Inc. to BankersTrust of Madison located in Madison, Alabama, in the principal amount of $575,000.00. By assignment of note and security dated December 30, 1995, the promissory note was assigned to the Small Business Administration [hereinafter SBA], an agency of the United States Government. By this assignment defendants Virginia Juanell

19

Erwin and Carl Freeman Williams became indebted to the SBA. Said defendants are now in default of the guaranteed promissory note. There is due and owing to SBA on account of said indebtedness the principal amount of $448,819.10, plus interest accrued (at the daily rate of $134.86) through March 8, 1999, in the amount of $224,024.06, plus interest accrued from March 8, 1999, at the daily rate of $129.11, to the date of the entry of this order in the amount of $7,617.62, for a total amount owed of $680,460.78.

Terms of the guaranty executed by both defendants contain the following language:

> The undersigned waives any notice of the incurring by the Debtor at any time of any of the Liabilities, and waives any and all presentment, demand, protest or notice of dishonor, nonpayment, or other default with respect to any of the Liabilities and any obligation of any party at any time comprised in the collateral. The Undersigned hereby grants to Lender full power, in its controlled discretion and without notice to the undersigned, but subject to the provisions of any agreement between the Debtor or any other party and Lender at the time in force, to deal in any manner with the Liabilities and the collateral, including, but without limiting the generality of the foregoing, the following powers:
>
> . . .
>
> (d)  To consent to the substitution, exchange, or

> release of all or any part of the collateral,
> whether or not the collateral, if any,
> received by the Lender upon any such
> substitution, exchange, or release shall be of
> the same or of a different character or value
> than the collateral surrendered by Lender.
>
> . . .
>
> The obligations of the Undersigned hereunder
> shall not be released, discharged or in any way
> affected, nor shall the Undersigned have any
> rights or recourse against Lender, by reason of
> any action Lender may take or omit to take under
> the foregoing powers.

Defendant Williams admits signing the guaranty. The wording of the guaranty makes it immaterial what his understanding of the note was. He has no defense. Each defendant, by individually signing an unlimited guaranty waived any defenses. *See Regan v. U.S. Small Business Administration*, 926 F.2d 1078 (11th Cir. 1991) (Obligations of the SBA guaranty remain absolute and unconditional.). The court holds their obligations to the SBA are absolute. Plaintiff is due judgment against both defendants as a matter of law.

An order consistent with this opinion is being entered contemporaneously herewith.

DONE and ORDERED this 6th day of May 1999.

_____
UNITED STATES DISTRICT JUDGE
J. FOY GUIN, JR.